**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 5:25-cr-00109

CANDIDO REYES-ROBLES

**MEMORANDUM ORDER AND OPINION**

Pending is the Government's Motion for Revocation of Order of Release, filed September 4, 2026. [ECF 94].

**I.**

On June 4, 2025, a criminal complaint was filed against Mr. Reyes-Robles charging him with a single count of illegal reentry in violation of 8 U.S.C. § 1326(a). [ECF 1]. On June 11, 2025, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, held a detention hearing. [ECF 6]. On June 24, 2026, an Indictment was returned against Mr. Reyes-Robles charging him with a single count of illegal reentry in violation of 8 U.S.C. § 1326(a). [ECF 16]. On July 1, 2025, Magistrate Judge Aboulhosn held an arraignment hearing. [ECF 23]. Magistrate Judge Aboulhosn found the Government failed to meet its burden of proving under 18 U.S.C. § 3142(g) that no condition or combination of conditions would reasonably assure Mr. Reyes-Robles' appearance and the safety of the community. [ECF 99-1 at 87-88]. Mr. Reyes-Robles was thus released on bond pending trial. [*Id.* at 88].

On September 7, 2015, Mr. Reyes-Robles was apprehended by border patrol agents in Texas and was deported on September 8, 2015. [ECF 16]. On June 3, 2025, Mr. Reyes-Robles was found in the United States without having obtained express consent from the Secretary of

Homeland Security. [*Id.*]. On June 11, 2025, Magistrate Judge Aboulhosn held a detention hearing. [ECF 6]. The Government contended Mr. Reyes-Robles was a flight risk inasmuch as he came to the United States illegally and has few ties to the community. [ECF 99-1 at 82-83]. Mr. Reyes-Robles emphasized his community ties and argued that he posed no flight risk given his marriage, employment, joint bank account with his spouse, and taxpayer status. [*Id.* at 83-86]. After considering the factors in 18 U.S.C. § 3142(g), Magistrate Judge Aboulhosn granted bail with conditions. [*Id.* at 87-88]. One condition required Mr. Reyes-Robles abstain from using alcohol. [*Id.* at 94]. Another required home detention, except for employment and other select activities. [*Id.* at 95].

On August 17, 2026, Mr. Reyes-Robles' probation officer filed a Petition [ECF 83] stating Mr. Reyes-Robles violated the conditions of his release by (1) violating state law, and (2) using alcohol.[1] [ECF 83]. On July 27, 2026, while on bond, Mr. Reyes-Robles was stopped by an officer who observed Mr. Reyes-Robles driving on the wrong side of the road into oncoming traffic. [*Id.* at 1]. The officer smelled alcohol on Mr. Reyes-Robles' breath and subsequently conducted a field sobriety test. [*Id.*]. A preliminary breath sample produced a blood alcohol content ("BAC") of 0.134. [*Id.*]. Mr. Reyes-Robles was then placed under arrest, and a subsequent secondary breath sample produced a BAC of 0.156. [*Id.*]. Mr. Reyes-Robles then admitted consuming one and one-half beers.[2] [*Id.* at 1-2]. Mr. Reyes-Robles was charged in the Magistrate Court of Raleigh County with one count of aggravated driving under the influence ("DUI"), in

---

[1] The Court notes a previous non-compliance summary was filed on November 4, 2025, in which the probation officer noted Mr. Reyes-Robles violated a condition of his bond by using alcohol. [ECF 41]. No action was taken at that time. [*Id.*].

[2] The parties contest Mr. Reyes-Robles' truthfulness pertaining to the number of beers he consumed. [*See* ECF 94 at 7; *see* ECF 99 at 3; *see* ECF 101 at 3-4].

violation of *West Virginia Code* § 17C-5-2(f). [*Id.*]. On July 27, 2026, the day of Mr. Reyes-Robles' arrest, his wife, Kassidy Bowman, notified probation of Mr. Reyes-Robles' arrest. [ECF 100-1 at 16]. On July 28, 2026, Mr. Reyes-Robles "provided a urine sample that tested positive for ethyl glucuronide." [ECF 83 at 2]. Mr. Reyes-Robles was released that same day "on a $1,500 surety bond." [*Id.* at 1]. On August 17, 2026, a Petition was filed by the probation officer outlining Mr. Reyes-Robles' violations[3] and requesting the Court issue a warrant for Mr. Reyes-Robles' arrest, which the Court ordered. [*Id.*]. On August 26, 2026, Mr. Reyes-Robles was arrested. [ECF 90 at 1].

On September 3, 2026, Magistrate Judge Aboulhosn held an initial appearance and bond revocation hearing. [*Id.*]. Magistrate Judge Aboulhosn found Mr. Reyes-Robles "violated conditions of his pretrial release," but did not reinstate detention inasmuch as there were "conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community." [*Id.* at 2-3; *see* ECF 100-1 at 38]. Magistrate Judge Aboulhosn accordingly released Mr. Reyes-Robles from custody and imposed the following additional and modified conditions:

1. The Defendant shall be placed on **HOME INCARCERATION** and shall remain at his approved residence at all times except for employment and any other absence specifically approved in advance by the United States Probation Office.

2. The Defendant is permitted to leave his residence for the purpose of going to and from, and performing, approved employment, subject to such verification and scheduling requirements as the United States Probation Office may impose.

3. The Defendant shall **NOT DRIVE** a motor vehicle for any purpose.

[3] The Court notes Mr. Reyes-Robles probation officer also stated Mr. Reyes-Robles "did not have permission by the probation officer to be at that residence when he was supposed to be at his place of employment." [ECF 83 at 2].

4. The Defendant shall comply with all other conditions of release previously imposed by the Court, including all conditions concerning alcohol, controlled substances, testing, treatment, reporting, and compliance with federal, state, and local law.

[ECF 90 at 3].

The Government now moves for Revocation of Order of Release. [ECF 94].

**II.**

The Government may file a "motion for revocation of the order or amendment of the conditions of release" if a defendant is "ordered released by a magistrate judge." 18 U.S.C. § 3145(a). When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam) (unpublished); *United States v. Cutter*, 637 F. Supp. 2d 348, 350 (W.D.N.C. 2009).

Section 3148(b) governs revocation of release for violations of release conditions and provides materially as follows:

> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. . . . The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is--
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that

> the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b); *United States v. Dixon*, 509 U.S. 688, 730 (1993) (White, J., concurring).

While on release, Mr. Reyes-Robles drove while intoxicated, a misdemeanor under West Virginia law. Furthermore, there is clear and convincing evidence that he violated the condition of his release that he not use alcohol. The question thus reduces to whether, based on the factors set forth in section 3142(g), there are conditions or a combination of conditions of release that will assure he will not pose a danger to the safety of any other person or the community and whether he is unlikely to abide by any condition or combination of conditions of release.

The Government contends Mr. Reyes-Robles is a flight risk and poses a danger to the community due to his violation of his bond conditions. [ECF 94 at 5-6]. Specifically, the Government notes Mr. Reyes-Robles is a danger to the community because he drove while intoxicated. [*Id.* at 6-8; ECF 101 at 1-3]. The Government is also justifiably concerned about Mr. Reyes-Robles and his wife, Kassidy Bowman, misleading the probation officer. [ECF 101 at 4]. Specifically, the Government contends Ms. Bowman only told the probation officer Mr. Reyes-Robles was "driving on the wrong side of the highway;" she did not inform the probation officer Mr. Reyes-Robles had been drinking. [*Id.*]. The probation officer first learned of Mr. Reyes-Robles' drinking when a state probation officer called him about Mr. Reyes-Robles' ankle monitor, which "was about to be cut off during processing at the regional jail." [*Id.*; *see* ECF 100-1 at 17].

Mr. Reyes-Robles does not dispute the danger of driving while intoxicated; he contends, however, he has followed the conditions of his bond other than the two times probation filed a non-compliance summary. [ECF 100-1 at 30-32; *see* ECF 41; *see* ECF 83]. That protestation

is rather remarkable. Mr. Reyes-Robles further contends, *inter alia*, he is a non-violent offender and has no other criminal history. [ECF 99 at 1]. The arguments are immaterial.

The Court considers the following factors bearing on release: "(1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Stewart*, 19 F. App'x at 48; *see Williams*, 753 F.2d at 332; 18 U.S.C. § 3142(g).

First, as to the nature and circumstances of the offenses charged, Mr. Reyes-Robles has violated his bond conditions on more than one occasion. On November 4, 2025, a Noncompliance Summary [ECF 41] was entered noting he used alcohol. [ECF 41 at 1]. On August 17, 2026, a second Noncompliance Summary [ECF 83] listed two violations of Mr. Reyes-Robles' bond conditions: (1) "defendant must not violate federal, state, or local law while on release," and (2) "defendant must not use alcohol at all." [ECF 83 at 1-2]. Notably, Mr. Reyes-Robles' wife, Kassidy Bowman, was in the passenger seat of the car during this incident and indicated she had not been drinking. [*Id.*]. Neither Ms. Bowman nor Dante Bowman, Mr. Reyes-Robles' designated third-party custodian, informed probation of Mr. Reyes-Robles' drinking or his being at a residence not approved in advance by probation. In fact, during the incident, Ms. Bowman stated Mr. Reyes-Robles "had been arrested for driving on the wrong side of the highway," she did not mention he had also been drinking. [ECF 100-1 at 16]

Second, regarding the weight of the evidence, with respect to the bond conditions, Mr. Reyes-Robles does not contest the violations. [ECF 41; ECF 83]. Third, as to history and characteristics, Mr. Reyes-Robles does not have a criminal history other than what has been

charged. [ECF 99 at 1]. Further, Mr. Reyes-Robles has significant ties to the community inasmuch as he is married, has employment, retains taxpayer status, and has a joint bank account in the community. [ECF 99-1 at 83-86].

The fourth factor, however, weighs heavily against Mr. Reyes-Robles. The dangers of driving while intoxicated are apparent, especially when one is driving in the wrong lane of traffic. Mr. Reyes-Robles' conduct, along with the other very serious bond violations in this matter, demonstrates the Government has unquestionably satisfied its burden of showing no conditions imposed would reasonably assure the safety of the community. *See Covington*, 2014 WL 504880, at *6 (S.D. W. Va. Feb. 7, 2014); [*see* ECF 41; *see* ECF 83]. Frankly, it has demonstrated as much by clear and convincing evidence.

Mr. Reyes-Robles is not presently supervisable inasmuch as his appointed third-party guardian and his wife have not been forthcoming with probation about Mr. Reyes-Robles' actions, which could have harmed himself, his wife, and others. [ECF 100-1 at 35, 37]. The newly imposed driving prohibition and tighter confinement requirement is inadequate. As noted above, Mr. Reyes-Robles has betrayed the Court's trust on multiple occasions. [*see* ECF 41; *see* ECF 83]. On two occasions, Mr. Reyes-Robles consumed alcohol, knowing he was violating a condition of his release. [ECF 99-1 at 94; ECF 41; ECF 83]. The Court is not satisfied that Mr. Reyes-Robles, his wife, or any other possible person would notify probation of any other violations made by Mr. Reyes-Robles. Additionally, Mr. Reyes-Robles' ties to the community do not convince the Court he will abide by his bond conditions inasmuch as these factors have been present throughout this matter and have not deterred him from violating his bond conditions thus far.

## III.

Based on the foregoing, the Court **GRANTS** the Government's Motion for

Revocation of Order of Release. [**ECF 94**]. Accordingly, it is **ORDERED** that a warrant issue forthwith and that Mr. Reyes-Robles be taken into custody pending trial.

It is **DIRECTED** Mr. Reyes-Robles be afforded a reasonable opportunity for private consultation with defense counsel upon reasonable request. Mr. Reyes-Robles' custodian must deliver him as directed by the United States Marshal for the purpose of any appearance in connection with this proceeding.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 6, 2026

Frank W. Volk
Chief United States District Judge